## 2020-CV-C 091 - WILLIAMS, INDIVIDUALLY; AS EXEC OF ESTATE JAMES WILLIAMS IV (DECEASED);, JACQUELYNN vs. SYPHAN, EDWARD

## SUMMARY

| | | |
|---|---|---|
| Judge: | Court Type: | Case Type: |
| WINTERS, BRUCE | CIVIL | OTHER TORTS |
| Case Number: | Uniform Case Number: | Status: |
| 2020-CV-C 091 | 2020CV000091CVCPCVCXMX | OPEN |
| Clerk File Date: | Status Date: | Waive Speedy Trial: |
| 2/27/2020 | 2/27/2020 | |
| Total Fees Due: | Custody Location: | Agency: |
| 54.50 | | |
| Agency Report Number: | | |



## PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | WILLIAMS, INDIVIDUALLY; AS EXEC OF ESTATE JAMES WILLIAMS IV (DECEASED);, JACQUELYNN | |
| PLAINTIFF | W▓▓▓, A MINOR CHILD OF JACQUELYNN WILLIAMS, ▓ | |
| PLAINTIFF | W▓▓▓, A MINOR CHILD OF JACQUELYNN WILLIAMS, ▓ | |
| PLAINTIFF | W▓▓▓, A MINOR CHILD OF JACQUELYNN WILLIAMS, ▓ | |
| PLAINTIFF | WILLIAMS, V, JAMES | |
| DEFENDANT | SYPHAN, EDWARD | |
| DEFENDANT | PITT OHIO EXPRESS LLC | |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT |
|---|---|---|---|---|
| | | No Events on Case | | |

## CASE DOCKETS

| IMAGE | DATE | ENTRY |
|---|---|---|
| | 3/9/2020 | COULD NOT PARSE DOCKET CODE TEXT FOR DOCKETCODE = A005 |
| 2 | 3/9/2020 | NOTICE OF APPEARANCE JURY TRIAL DEMANDED FILED (J. PION) |
| 4 | 2/27/2020 | SUMMONS: @ |

| IMAGE | DATE | ENTRY |
|---|---|---|
| | 2/27/2020 | COPY FEE (GENERAL DIVISION) ASSESSED $1.50 |
| 🗋 1 | 2/27/2020 | PAYMENT $250.00 RECEIPT #9989 |
| | 2/27/2020 | COMMON PLEAS DEPOSIT ASSESSED $250.00 |
| 🗋 2 | 2/27/2020 | CERTIFIED MAIL (GENERAL DIVISION) ASSESSED $24.00 |
| | 2/27/2020 | SUMMONS ISSUED WITH COPY OF SUMMONS & COMPLAINT SENT BY CERTIFIED MAIL R.R.R. TO DEFENDANT(S) ASSESSED $4.00 |
| 🗋 10 | 2/27/2020 | COMPLAINT FILED (K. RIESEN) ASSESSED $35.00 |
| 🗋 1 | 2/27/2020 | PAYMENT $350.00 RECEIPT #9988 |
| | 2/27/2020 | JUDGE WINTERS, BRUCE: ASSIGNED |
| | 2/27/2020 | ATTORNEY: RIESEN, KENT D. ASSIGNED |
| | 2/27/2020 | CIVIL CASE DESPOSIT ASSESSED $53.00 |
| | 2/27/2020 | INITIAL CIVIL CASE FEES CHARGED ASSESSED $297.00 |
| | 2/27/2020 | CASE FILED 02/27/2020 CASE NUMBER 2020-CV-C 091 |

## IN THE COURT OF COMMON PLEAS
## OTTAWA COUNTY, OHIO

Plaintiffs
JACQUELYNN WILLIAMS,
INDIVIDUALLY; AS EXEC OF ESTATE
JAMES WILLIAMS IV (DECEASED);
AS GDN OF J.W., J.W., J.W.
131 AMHERST DR
TOLEDO, OH 43614

J█████ W████████, A MINOR CHILD OF
JACQUELYNN WILLIAMS
131 AMHERST DR
TOLEDO, OH 43614

J██████ W█████, A MINOR CHILD
OF JACQUELYNN WILLIAMS
131 AMHERST DR
TOLEDO, OH 43614

J██████ W███████, A MINOR CHILD OF
JACQUELYNN
131 AMHERST DR
TOLEDO, OH 43614

JAMES WILLIAMS, V
131 AMHERST DR
TOLEDO, OH 43614

-vs-

Defendants
EDWARD SYPHAN
PITT OHIO EXPRESS LLC

**SUMMONS ON COMPLAINT**
**OHIO RULE (4)**
**OF CIVIL PROCEDURES**
**BY CERTIFIED SERVICE**


CASE NO:     2020-CV-C 091

* * * * * * * * * * * *

To:     PITT OHIO EXPRESS LLC
        15 27TH ST
        PITTSBURGH, PA 15222

You are hereby summoned that a complaint (copy of which is hereto attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

You are required to serve upon the Plaintiff's attorney, or upon the Plaintiff if (he/she) has no attorney of record, a copy of your answer to the complaint within twenty-eight (28) days after the service of this summons upon you, exclusive of the date of service. Said answer must be filed with this Court within three (3) days after service on the Plaintiff's attorney.

CASE NO:  2020-CV-C 091                                                    Page 2 of 2

The name and address of the Plaintiff's attorney is as follows:

> KENT D. RIESEN
> 300 MADISON AVE.
> SUITE 1600
> TOLEDO, OH 43604

> KENT D. RIESEN
> 300 MADISON AVE.
> SUITE 1600
> TOLEDO, OH 43604

> KENT D. RIESEN
> 300 MADISON AVE.
> SUITE 1600
> TOLEDO, OH 43604

> KENT D. RIESEN
> 300 MADISON AVE.
> SUITE 1600
> TOLEDO, OH 43604

> KENT D. RIESEN
> 300 MADISON AVE.
> SUITE 1600
> TOLEDO, OH 43604

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

> GARY A. KOHLI
> Clerk of Courts

Feb 27, 2020             By:    *Rebecca Rider*

> REBECCA RIDER
> Deputy Clerk

**IN THE COURT OF COMMON PLEAS
OF OTTAWA COUNTY, OHIO**

GARY A. KOHLI
CLERK OF COURTS
OTTAWA COUNTY OHIO

2020 FEB 27  A 10: 03

**Jacquelynn Williams,** Individually; as
Executor of the Estate of James Williams IV
(Deceased); and as Natural Guardian of her
minor children ▮▮ W▮▮▮▮, ▮▮
W▮▮▮▮, and ▮▮ W▮▮▮▮
131 Amherst Dr.
Toledo, OH 43614

     and

▮▮ W▮▮▮▮ a minor child of Jacquelynn
Williams
131 Amherst Dr.
Toledo, OH 43614

     and

▮▮ W▮▮▮▮ a minor child of
Jacquelynn Williams
131 Amherst Dr.
Toledo, OH 43614

     and

▮▮ W▮▮▮▮ a minor child of Jacquelynn
Williams
131 Amherst Dr.
Toledo, OH 43614

     and

**James Williams, V,**
131 Amherst Dr.
Toledo, OH 43614

          Plaintiffs,

    v.

**Edward Syphan**
4870 Whippoorwill Dr.
Hermitage, PA 16148

CASE NO: 2020 · CVC-091

Judge Bruce Winters

**COMPLAINT WITH JURY DEMAND
AND PRAECIPE FOR SERVICE**

Kent D. Riesen (0041401)
ANSPACH MEEKS ELLENBERGER LLP
300 Madison Ave., Suite 1600
Toledo, OH 43604
(419) 246-5757
FAX: (419) 321-6979
Email: kriesen@anspachlaw.com

*Attorneys for Plaintiffs* Jacquelynn
Williams, *individually and as executor of
estate of James Williams IV, and as Natural
Guardian for Justin Williams, Jonathan
Williams, and Jayda Williams,* and James
Williams, V, *individually.*   .

and

**Pitt Ohio Express LLC**
15 27th St.
Pittsburgh, PA 15222

                              Defendants.

Now come Plaintiffs Jacquelynn Williams, individually, as executor of the Estate of
James Williams IV, and as natural guardian for ▇ W▇▇, ▇▇ W▇▇, and ▇
W▇, and James Williams V, individually, by and through their counsel, and for their
Complaint states as follows:

## PARTIES

1.      Jacquelynn Williams is the duly appointed and acting Executor of the Estate of
James Williams IV (hereinafter referred to as "Jay Williams") who died on or about July 17,
2018.  The estate was filed with the Lucas County Probate Court, Case No. 2019 est 937, on or
about May 6, 2019, with Jacquelynn Williams appointed as Executor.  (*See* Plaintiff's Letters of
Authority attached as Exhibit 1).

2.      On July 17, 2018, Jay Williams, was 40 years old at the time of his death and is
survived by a wife and four children. Mr. Williams was found deceased in a ditch many hours
after an accident on the Ohio Turnpike.

3.      Plaintiff Jacquelynn Williams was the wife of Jay Williams, now deceased.  At
the time of the subject incident, Jay Williams was the father of James Williams, V, age 18; ▇
W▇, age ▇; ▇ W▇, age ▇; and ▇ W▇, age ▇.

4.      Defendant Edward Syphan was employed as a driver of Pitt Ohio Express LLC
and was acting in his scope of authority at the time of this accident.

2

5.      Pitt Ohio Express LLC was the owner of tractor trailer at the time of the accident and employer of Edward Syphan.

## FACTUAL BACKGROUND

6.      On July 17, 2018, Jay Williams was in a one-vehicle accident on the Ohio Turnpike at approximately 3:18 a.m. His vehicle came to rest at Ohio Turnpike Milepost 79.1.

7.      Jay got out of his car and was walking along the Ohio Turnpike, trying to get assistance with his damaged vehicle, when he was struck and killed by a semi Freightliner tractor rig vehicle driven by Edward Syphan, an employee of Pitt Ohio. Mr. Syphan was driving a 2016 Freightliner tractor with a trailer attached.

8.      Jay Williams was not found until 8:37 a.m., when dispatchers received a call that a black male was lying in a ditch, along with a red fender, Eastbound on the Ohio Turnpike near Milepost 79.1.

9.      Sometime later, the Pitt Ohio Freightliner tractor unit was discovered at Milepost 79.7 at an emergency pull-off hooked up to a wrecker that was starting to pull away. Ohio State Highway Patrol Trooper Stroud observed damage consistent with the deceased pedestrian's injuries and asked the driver what happened. Mr. Syphan stated he believed he hit a deer somewhere between 4:00 and 4:30 a.m.

10.      The Pitt Ohio truck was being operated eastbound utilizing its low-beam headlights. Prior to the crash, the Pitt Ohio truck would have passed the damaged Chevrolet driven by Jay Williams on the median-wall (left) side of the roadway, alerting him to something unusual going on.

11.      At the time of the impact, Jay Williams was off the traveled roadway. The Pitt Ohio truck had driven off of the traveled roadway, crossed the painted edge line, and violently struck Jay Williams propelling him in a ditch.

3

12.    Prior to the crash, the Pitt Ohio truck approached the pedestrian.  An alert and attentive driver would have easily been able to detect, discern, and identify Mr. Williams within the range of his headlights, and avoid this tragic fatal accident. However, there was no evidence of any braking or other evasive action.

13.    The crash would have been avoided if the Pitt Ohio truck had been properly driven within the marked lanes of the roadway and not deviated from its travel lane onto the paved shoulder.

14.    Jay Williams had a life expectancy of another 37 years.  He was working as a truck driver and had just received his CDL Class B License. CDL Class B operators earn about $36,000 per year.

15.    Jay William's pay would increase because he desired to get a CDL Class A license, and his salary would have increased substantially.

16.    Plaintiffs have lost income, survivorship claim, loss of consortium of Jacquelynn Williams, loss of consortium of James Williams V, loss of consortium of ███ W████, loss of consortium of J███ W████, and loss of consortium of ███ W████.

17.    Prior to and at the time of the collision, Defendants without due regard operated the tractor trailer in a negligent, grossly negligent, wanton, reckless, willful and intentional manner, and deliberately and consciously proceeded to drive the tractor trailer into Jay Williams.

18.    At the time of the accident, Edward Syphan was acting within the scope of his employment with Pitt Ohio Express.

## COUNT I
## NEGLIGENCE

19.    Plaintiffs incorporate all the averments made in Paragraphs 1-18 as if fully recited herein.

4

20.     At the time of the collision with Jay Williams, Defendant Edward Syphan both individually and on behalf of Pitt Ohio Express, owed a duty to Jay Williams to use reasonable care and diligence and to operate the tractor trailer consistent with Ohio traffic laws.

21.     Among the common law duties Defendants owed James Williams IV was the duty of care, the duty to drive safely, the duty to obey traffic laws, and the duty to yield the right of way.

22.     Among the statutory duties Defendants owed to Jay Williams, ORC § 4511.20(a) states: "No person shall operate a vehicle . . . on any street or highway in willful or wanton disregard of the safety of persons or property."

23.     Defendants, individually and collectively, breached the aforementioned duties when Edward Syphan failed to operate the tractor trailer consistent with Ohio traffic laws, including but not limited to the failure to operate the vehicle safely.

24.     The crash was the direct and proximate result of Defendants negligence, gross negligence, recklessness, wanton, willful and/or wrongful conduct.

25.     As a direct and proximate result of Defendants' conduct, the decedent James Williams IV suffered extreme conscious pain and suffering, terror, lost wages, was deprived of the companionship of his family, suffered economic and non-economic losses to his person and property, and sustained funeral expenses.

26.     Defendants' wrongful conduct was the direct and proximate cause of the injuries, pain and suffering, and subsequent horrifying death of James Williams IV.

27.     As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to compensatory damages in an amount in excess of $25,000 and punitive damages in an amount to be determined.

## COUNT II
## SURVIVAL ACTION

28.     Plaintiffs incorporate by reference all the averments made in Paragraphs 1-27 as if fully recited herein.

29.     Plaintiff brings this survival action pursuant to Ohio Revised Code § 2305.21, et seq.

30.     As a direct and proximate result of the crash and resulting death, the decedent Jay Williams suffered injuries until his death, causing him extreme conscious pain and suffering and terror, including the knowledge of his impending death.

31.     Defendants' wrongful conduct was the direct and proximate cause of the injuries, pain and suffering, and subsequent horrifying death of Jay Williams.

32.     As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to compensatory damages in an amount in excess of $25,000 and punitive damages in an amount to be determined.

## COUNT III
## WRONGFUL DEATH

33.     Plaintiffs incorporate by reference all the averments made in Paragraphs 1-32 as if fully recited herein.

34.     The Decedent Jay Williams is survived by his wife and his four children ("next of kin").

35.     Plaintiffs bring this action pursuant to Ohio Revised Code § 2125.01, et seq., for the exclusive benefit of decedent's wife, and his surviving children for such other relief as provided for by that chapter.

6

36. As a direct and proximate cause of Defendants' negligence, gross negligence, reckless, wanton, willful and/or wrongful conduct and the resulting death of the decedent, the next of kin have suffered injury and damages, including, but not necessarily limited to:

      a.      Loss of income and support;

      b.      Loss of the services of Jay Williams;

      c.      Loss of the society of Jay Williams, including the loss of his companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education;

      d.      Loss of prospective inheritance to the next of kin; and

      e.      Mental anguish incurred by the next of kin.

37. Defendants' wrongful conduct was the direct and proximate cause of the Estate of Jay Williams and his next of kin incurring reasonable funeral and burial expenses.

38. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs are entitled to compensatory damages in amount in excess of $25,000 and punitive damages in an amount to be determined.

## COUNT IV
## INTENTIONAL INFLICTION OF MENTAL DISTRESS AND DEATH

39. Plaintiffs incorporate by reference all the averments made in Paragraphs 1-38 as if fully recited herein.

40. By driving the tractor trailer, Defendants knew, and or should have known, of the potential hazards and dangers caused by operating the tractor trailer, including but not limited to potential catastrophic injuries and/or death. Despite such knowledge, Defendants repeatedly failed to observe traffic laws, and drove the tractor trailer in an erratic, reckless, willful, wanton and intentional manner that would inevitably lead to a vehicular accident.

41.  Defendants acted recklessly, willfully, wantonly, intentionally and maliciously in their wrongful conduct in contravention of all social and legal duties.

42.  This reckless, willful, wanton, intentional and/or malicious, wrongful conduct was the direct and proximate cause of the decedent Jay Williams' injuries, pain and suffering, and death.

43.  As a direct and proximate result of Defendants' reckless, willful, wanton, intentional and/or malicious conduct, Plaintiffs are entitled to compensatory damages in amount in excess of $25,000 and punitive damages in an amount to be determined.

**WHEREFORE,** Plaintiffs pray this Court grant judgment on each Count sufficient to compensate the Estate and next of kin of Jay Williams and for compensatory damages in excess of $25,000, punitive damages for Defendants' wanton, willful, and intentional wrongful conduct alleged in this Complaint, all in an amount exceeding $25,000.00, for costs in bringing this action, and for any other relief deemed just and equitable.

Respectfully submitted,

ANSPACH MEEKS ELLENBERGER LLC

Kent D. Riesen, Esq.
*Attorneys for Plaintiff*

8

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues set forth in this Complaint.

Kent D. Riesen, Esq.
*Attorneys for Plaintiff*

## PRAECIPE FOR SERVICE

**TO THE CLERK:**

Please serve the Defendants via CERTIFIED MAIL, RETURN RECEIPT REQUESTED, at the addresses as indicated on the first page of the Complaint.

Respectfully submitted,

ANSPACH MEEKS ELLENBERGER LLP

By:

Kent D. Riesen (0041401)
Anspach Meeks Ellenberger LLP
300 Madison Avenue, Suite 1600
Toledo, Ohio 43604
(419) 246-5757
(419) 321-6979 Facsimile
kriesen@anspachlaw.com
*Attorney for Plaintiffs*