IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

JACQUELYNN WILLIAMS, et al.

    Plaintiffs,

v.

EDWARD SYPHAN and PITT OHIO,
EXPRESS, LLC

    Defendant.

Civil Action No.:  3:20-cv-00591

**JURY TRIAL DEMANDED**

## DEFENDANTS' EDWARD SYPHAN AND PITT OHIO EXPRESS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, come Defendants, Edward Syphan and Pitt Ohio Express, LLC, by and through the undersigned counsel, hereby submit their Answer and Affirmative Defenses to the Complaint in this matter, stating as follows:

1. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations set forth in Paragraph 1 of the Complaint.

2. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations set forth in Paragraph 2 of the Complaint.

3. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations set forth in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states a legal conclusion to which no responsive pleading is necessary.  To the extent a responsive pleading is necessary, it is admitted that Edward Syphan was employed as a driver of Pitt Ohio Express, LLC at the time of the subject accident and was acting in the course and scope of his employment at the time alleged in the Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Complaint and demand strict proof thereof.

## FACTUAL BACKGROUND

6. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in Paragraph 6 of the Complaint.

7. With respect to the allegations in Paragraph 7 of the Complaint, it is admitted that Plaintiffs' decedent was struck by a semi freightliner tractor rig operated by Edward Syphan, an employee of Pitt Ohio at the time of the subject incident. It is admitted that Plaintiffs' decedent was killed as a result of the collision. It is admitted that Mr. Syphan was driving a 2016 Freightliner tractor with a trailer attached. Defendants further admit that Plaintiffs' decedent had exited his vehicle. Unless other admitted, Defendants deny the allegations in Paragraph 7 of the Complaint and demand strict proof thereof.

8. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in Paragraph 8 of the Complaint.

9. With respect to the allegations in Paragraph 9, it is admitted that Mr. Syphan believed he had hit a deer on the roadway sometime between 4:00 and 4:30 a.m. on the date of the subject incident. It is further admitted that Mr. Syphan told this to investigating officers on the morning of the subject incident. With respect to the remaining allegations set forth in Paragraph 9 of the Complaint, after reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in Paragraph 9 of the Complaint.

10. With respect to the allegations in Paragraph 10 of the Complaint, it is admitted that Mr. Syphan's truck would have been utilizing headlights at the time of the subject incident. It is further admitted that Mr. Syphan would have passed Plaintiff's vehicle. Unless otherwise

admitted, Defendants deny the allegations in Paragraph 10 of the Complaint and demand strict proof thereof.

11. Defendants deny the allegations in Paragraph 11 of the Complaint and demand strict proof thereof.

12. Defendants deny the allegations in Paragraph 12 of the Complaint and demand strict proof thereof.

13. Defendants deny the allegations in Paragraph 13 of the Complaint and demand strict proof thereof.

14. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in Paragraph 14 of the Complaint.

15. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in Paragraph 15 of the Complaint.

16. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint and demand strict proof thereof.

18. Paragraph 18 of the Complaint states a legal conclusion to which no responsive pleading is necessary. To the extent a responsive pleading is necessary, it is admitted that Edward Syphan was employed as a driver of Pitt Ohio Express, LLC at the time of the subject accident and was acting in the course and scope of his employment at the time alleged in the Complaint.

## COUNT I
## NEGLIGENCE

19. Defendants hereby incorporate by reference Paragraphs 1-18 of their Answers as if more fully set forth herein.

20. Paragraph 20 of the Complaint states a legal conclusion to which no responsive pleading is necessary.

21. Paragraph 21 of the Complaint states a legal conclusion to which no responsive pleading is necessary.

22. Paragraph 22 of the Complaint states a legal conclusion to which no responsive pleading is necessary.

23. Defendants deny the allegations in Paragraph 23 of the Complaint and demand strict proof thereof.

24. Defendants deny the allegations in Paragraph 24 of the Complaint and demand strict proof thereof.

25. Defendants deny the allegations in Paragraph 25 of the Complaint and demand strict proof thereof.

26. Defendants deny the allegations in Paragraph 26 of the Complaint and demand strict proof thereof.

27. Defendants deny the allegations in Paragraph 27 of the Complaint and demand strict proof thereof.

## COUNT II
## SURVIVAL ACTION

28. Defendants hereby incorporate by reference Paragraphs 1-27 of their Answers is if more fully set forth herein.

29. Paragraph 29 of the Complaint states a legal conclusion to which no responsive pleading is necessary.

30. Defendants deny the allegations set forth Paragraph 30 of the Complaint and demand strict proof thereof.

31. Defendants deny the allegations set forth Paragraph 31 of the Complaint and demand strict proof thereof.

32. Defendants deny the allegations set forth Paragraph 32 of the Complaint and demand strict proof thereof.

## COUNT III
## WRONGFUL DEATH

33. Defendants hereby incorporate by reference Paragraphs 1-32 of their Answers as if more fully set forth herein.

34. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint states a legal conclusion to which no responsive pleading is necessary.

36. Defendants deny the allegations in Paragraph 36 of the Complaint, and also subparts therein, and demand strict proof thereof.

37. Defendants deny the allegations in Paragraph 37 of the Complaint and demand strict proof thereof.

38. Defendants deny the allegations in Paragraph 38 of the Complaint and demand strict proof thereof.

## COUNT IV
## INTENTIONAL INFLICTION OF MENTAL DISTRESS AND DEATH

39. Defendants hereby incorporation by reference Paragraphs 1-38 of their Answers as if more fully set forth herein and demand strict proof thereof.

40. Defendants deny the allegations in Paragraph 40 of the Complaint and demand strict proof thereof.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint and demand strict proof thereof.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint and demand strict proof thereof.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint and demand strict proof thereof.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor, and against Plaintiffs, and that this Court grant such other and further relief as it deems just and appropriate.

## **AFFIRMATIVE DEFENSES**

Having fully answered the Complaint in this matter, Defendants hereby set forth the following affirmative defenses:

1.      Plaintiffs' Complaint fails to state a cause of action against Defendants upon which relief can be granted.

2.      Plaintiffs' Complaint fails to state a claim for punitive damages for which relief can be granted.

3.      Plaintiffs' claim for punitive damages under Count III of the Complaint is barred as a matter of law.

4.      Plaintiffs' Complaint fails to state a claim for Intentional Infliction of Mental Distress and Death.

5.      Defendants hereby raise the affirmative defense of suicide.

6.      To the extent revealed by the evidence developed in discovery in this matter, Defendants hereby raise the Affirmative Defense of improper venue.

7. To the extent revealed by the evidence developed in discovery in this matter, Defendants hereby raise the Affirmative Defense of lack of personal jurisdiction.

8. To the extent revealed by the evidence developed in discovery in this matter, Defendants hereby raise the Affirmative Defense of Plaintiffs' failure to join indispensable parties pursuant to Federal Civil Rules 18 and 19 as an Affirmative Defense.

9. Plaintiffs' Complaint is barred by the following Affirmative Defenses under Federal Civil Rule 8(C): the doctrine of assumption of the risk, laches, unclean hands, fraud, waiver, estoppel, *res judicata*, accord and satisfaction, illegality, contributory/comparative negligence, payment, release, discharge in bankruptcy, injury by fellow servant and/or the applicable statute of limitations.

10. Any recovery by Plaintiffs should be reduced in the percentage of the acts or omissions of Plaintiffs, other parties, individuals and/or entities, including persons from whom Plaintiffs did not seek recovery in this action pursuant to O.R.C. Section 2307.23(A)(2), bear to the acts or omissions which caused Plaintiffs' alleged damages.

11. The alleged negligence and/or breach of any duty by Defendants were not the proximate cause of the alleged damages in the Complaint.

12. The alleged damages set forth in the Complaint were caused, in whole or in party, by the intervening and superseding acts or omissions of individuals and/or entities other than Defendants over whom Defendants had no control and/or right of control, including but not limited to, Plaintiff's decedent, James Williams IV.

13. In the event that it is that it is judicially determined that Plaintiffs have sustained damages or injuries as alleged, all of which are specifically denied, then it is averred that Plaintiffs

failed to mitigate their injuries, if any, which would act as a complete as a complete or partial bar to Plaintiffs' claims.

14. If Plaintiffs have received, or receiving, or entitled to receive, or is subsequently to receive, or become entitle to receive any recovery, compensation, or benefits from any source in connection with the injuries alleged in the Complaint, the amounts of damages, if any, which may be recoverable herein, should be diminished by the amount of such recovery, compensation, or benefits.

15. Defendants reserve the right to assert any counter claims, cross-claims, and/or file a third-party action should discovery reveal the necessity of such action.

16. Defendants assert all remaining Affirmative Defenses contained in Rules 8 and 12 of the Federal Rules of Civil Procedure as they may be applicable under the facts to be developed in this case.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor, and against Plaintiffs, and that this Court grant such other and further relief as it deems just and appropriate.

**JURY TRIAL DEMANDED**

    Respectfully submitted,

    PION, NERONE, GIRMAN, WINSLOW
     & SMITH, P.C.

    /s/ Jordan C. Hettrich, Esquire
    JOHN T. PION, ESQUIRE
    Attorney I.D. No. 0070722
    JORDAN C. HETTRICH, ESQUIRE
    Attorney I.D. No. 0091744
    420 Ft. Duquesne Boulevard
    1500 One Gateway Center
    Pittsburgh, PA 15222
    jpion@pionlaw.com

jhettrich@pionlaw.com
*Attorneys for Defendants,*
*Edward Syphan and Pitt Ohio Express, LLC*

## **CERTIFICATE OF SERVICE**

I, Jordan C. Hettrich, Esquire, hereby certify that a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES was served upon counsel of record via the Court's ECF system this 13TH day of April, 2020, as follows:

Kent D. Riesen, Esquire
Anspach, Meeks, Ellenberger, LLP
300 Madison Avenue, Suite 1600
Toledo, OH  43604
kriesen@anspachlaw.com

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW
 & SMITH, P.C.

  /s/ Jordan C. Hettrich, Esquire
JOHN T. PION, ESQUIRE
Attorney I.D. No. 0070722
JORDAN C. HETTRICH, ESQUIRE
Attorney I.D. No. 0091744
420 Ft. Duquesne Boulevard
1500 One Gateway Center
Pittsburgh, PA  15222
jpion@pionlaw.com
jhettrich@pionlaw.com
*Attorneys for Defendants,*
*Edward Syphan and Pitt Ohio Express, LLC*