IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

JACQUELYNN WILLIAMS, et al.

    Plaintiffs,

v.

EDWARD SYPHAN and PITT OHIO, EXPRESS, LLC

    Defendant.

Civil Action No.: 3:20-cv-00591

**JURY TRIAL DEMANDED**

## DEFENDANTS' EDWARD SYPHAN AND PITT OHIO EXPRESS, LLC'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

AND NOW, come Defendants, Edward Syphan and Pitt Ohio Express, LLC, by and through the undersigned counsel, hereby submit their Amended Answer and Affirmative Defenses and Counterclaim to the Complaint in this matter, stating as follows:

1. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations set forth in Paragraph 1 of the Complaint.

2. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations set forth in Paragraph 2 of the Complaint.

3. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations set forth in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states a legal conclusion to which no responsive pleading is necessary. To the extent a responsive pleading is necessary, it is admitted that Edward Syphan was employed as a driver of Pitt Ohio Express, LLC at the time of the subject accident and was acting in the course and scope of his employment at the time alleged in the Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Complaint and demand strict proof thereof.

## FACTUAL BACKGROUND

6. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in Paragraph 6 of the Complaint.

7. With respect to the allegations in Paragraph 7 of the Complaint, it is admitted that Plaintiffs' decedent was struck by a semi freightliner tractor rig operated by Edward Syphan, an employee of Pitt Ohio at the time of the subject incident. It is admitted that Plaintiffs' decedent was killed as a result of the collision. It is admitted that Mr. Syphan was driving a 2016 Freightliner tractor with a trailer attached. Defendants further admit that Plaintiffs' decedent had exited his vehicle. Unless other admitted, Defendants deny the allegations in Paragraph 7 of the Complaint and demand strict proof thereof.

8. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in Paragraph 8 of the Complaint.

9. With respect to the allegations in Paragraph 9, it is admitted that Mr. Syphan believed he had hit a deer on the roadway sometime between 4:00 and 4:30 a.m. on the date of the subject incident. It is further admitted that Mr. Syphan told this to investigating officers on the morning of the subject incident. With respect to the remaining allegations set forth in Paragraph 9 of the Complaint, after reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in Paragraph 9 of the Complaint.

10. With respect to the allegations in Paragraph 10 of the Complaint, it is admitted that Mr. Syphan's truck would have been utilizing headlights at the time of the subject incident. It is further admitted that Mr. Syphan would have passed Plaintiff's vehicle. Unless otherwise

admitted, Defendants deny the allegations in Paragraph 10 of the Complaint and demand strict proof thereof.

11. Defendants deny the allegations in Paragraph 11 of the Complaint and demand strict proof thereof.

12. Defendants deny the allegations in Paragraph 12 of the Complaint and demand strict proof thereof.

13. Defendants deny the allegations in Paragraph 13 of the Complaint and demand strict proof thereof.

14. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in Paragraph 14 of the Complaint.

15. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in Paragraph 15 of the Complaint.

16. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint and demand strict proof thereof.

18. Paragraph 18 of the Complaint states a legal conclusion to which no responsive pleading is necessary. To the extent a responsive pleading is necessary, it is admitted that Edward Syphan was employed as a driver of Pitt Ohio Express, LLC at the time of the subject accident and was acting in the course and scope of his employment at the time alleged in the Complaint.

## COUNT I
## NEGLIGENCE

19. Defendants hereby incorporate by reference Paragraphs 1-18 of their Answers as if more fully set forth herein.

20. Paragraph 20 of the Complaint states a legal conclusion to which no responsive pleading is necessary.

21. Paragraph 21 of the Complaint states a legal conclusion to which no responsive pleading is necessary.

22. Paragraph 22 of the Complaint states a legal conclusion to which no responsive pleading is necessary.

23. Defendants deny the allegations in Paragraph 23 of the Complaint and demand strict proof thereof.

24. Defendants deny the allegations in Paragraph 24 of the Complaint and demand strict proof thereof.

25. Defendants deny the allegations in Paragraph 25 of the Complaint and demand strict proof thereof.

26. Defendants deny the allegations in Paragraph 26 of the Complaint and demand strict proof thereof.

27. Defendants deny the allegations in Paragraph 27 of the Complaint and demand strict proof thereof.

## COUNT II
## SURVIVAL ACTION

28. Defendants hereby incorporate by reference Paragraphs 1-27 of their Answers is if more fully set forth herein.

29. Paragraph 29 of the Complaint states a legal conclusion to which no responsive pleading is necessary.

30. Defendants deny the allegations set forth Paragraph 30 of the Complaint and demand strict proof thereof.

31. Defendants deny the allegations set forth Paragraph 31 of the Complaint and demand strict proof thereof.

32. Defendants deny the allegations set forth Paragraph 32 of the Complaint and demand strict proof thereof.

## COUNT III
## WRONGFUL DEATH

33. Defendants hereby incorporate by reference Paragraphs 1-32 of their Answers as if more fully set forth herein.

34. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint states a legal conclusion to which no responsive pleading is necessary.

36. Defendants deny the allegations in Paragraph 36 of the Complaint, and also subparts therein, and demand strict proof thereof.

37. Defendants deny the allegations in Paragraph 37 of the Complaint and demand strict proof thereof.

38. Defendants deny the allegations in Paragraph 38 of the Complaint and demand strict proof thereof.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor, and against Plaintiffs, and that this Court grant such other and further relief as it deems just and appropriate.

## AFFIRMATIVE DEFENSES

Having fully answered the Complaint in this matter, Defendants hereby set forth the following affirmative defenses:

1.      Plaintiffs' Complaint fails to state a cause of action against Defendants upon which relief can be granted.

2.      Defendants hereby raise the affirmative defense of suicide.

3.      To the extent revealed by the evidence developed in discovery in this matter, Defendants hereby raise the Affirmative Defense of Plaintiffs' failure to join indispensable parties pursuant to Federal Civil Rules 18 and 19 as an Affirmative Defense.

4.      Plaintiffs' Complaint is barred by the following Affirmative Defenses under Federal Civil Rule 8(C): the doctrine of assumption of the risk, fraud, *res judicata*, illegality, contributory/comparative negligence, and/or the applicable statute of limitations.

5.      Any recovery by Plaintiffs should be reduced in the percentage of the acts or omissions of Plaintiffs, other parties, individuals and/or entities, including persons from whom Plaintiffs did not seek recovery in this action pursuant to O.R.C. Section 2307.23(A)(2), bear to the acts or omissions which caused Plaintiffs' alleged damages.

6.      The alleged negligence and/or breach of any duty by Defendants were not the proximate cause of the alleged damages in the Complaint.

7.      The alleged damages set forth in the Complaint were caused, in whole or in part, by the intervening and superseding acts or omissions of individuals and/or entities other than Defendants over whom Defendants had no control and/or right of control, including but not limited to, Plaintiff's decedent, James Williams, IV.

8.      In the event that it is that it is judicially determined that Plaintiffs have sustained damages or injuries as alleged, all of which are specifically denied, then it is averred that Plaintiffs failed to mitigate their injuries, if any, which would act as a complete as a complete or partial bar to Plaintiffs' claims.

9. If Plaintiffs have received, or receiving, or entitled to receive, or is subsequently to receive, or become entitle to receive any recovery, compensation, or benefits from any source in connection with the injuries alleged in the Complaint, the amounts of damages, if any, which may be recoverable herein, should be diminished by the amount of such recovery, compensation, or benefits.

10. Defendants assert the affirmative defense of abuse of process.

11. Defendants reserve the right to assert any counter claims, cross-claims, and/or file a third-party action should discovery reveal the necessity of such action.

12. Defendants assert all remaining Affirmative Defenses contained in Rules 8 and 12 of the Federal Rules of Civil Procedure as they may be applicable under the facts to be developed in this case.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor, and against Plaintiffs, and that this Court grant such other and further relief as it deems just and appropriate.

## COUNTERCLAIM

Defendants, Edward Syphan and Pitt Ohio Express, LLC ("Pitt Ohio"), pursuant to Federal Rule of Civil Procedure 13, hereby set forth the following Counterclaim against Jacquelyn Williams, individually, and in her capacity as Administratrix of the Estate of James Williams, IV:

### FACTUAL BACKGROUND

1. James Williams IV died intestate in the early, pre-dawn hours of July 17, 2018 when he suddenly, and without warning, stepped into the path of a Freightliner tractor, with

7

attached trailer, operated by Ed Syphan, which was lawfully and safely traveling in the right-hand lane of the Ohio Turnpike East, near milepost 79.1.

2. Upon information and belief, between 2016 and the date of his death, Mr. Williams' income decreased significantly.

3. Upon information and belief, James Williams, who worked as an independent contractor, had negative net earnings for 2018 calendar year, up to and including at the time of his death.

4. Upon information and belief, at the time of his death, James Williams and Jacquelyn Williams owed delinquency payments to the Ohio Department of Taxation and Lucas County Job and Family Services.

5. In or around June of 2017, Jacquelyn Williams learned that James Williams was, for the third time, having an extramarital relationship with another woman.

6. Following this revelation, Jacquelyn Williams informed James Williams that she wanted a divorce.

7. In addition, upon learning of her husband's infidelity, Jacquelyn Williams consulted with a family law attorney regarding her intent to pursue a divorce.

8. As part of the terms of a proposed divorce, Jacquelyn Williams informed her husband that she wanted him to pay private school tuition for the couple's four (4) children.

9. Upon learning of Jacquelyn Williams' intention to seek a divorce, James Williams made efforts to reconcile, including, but not limited to, threatening to go on a hunger strike until Jacquelyn Williams agreed to a reconciliation. Despite this threat and the requests for reconciliation, Jacquelyn Williams refused to reconcile with James Williams.

10. In the early morning hours of July 17, 2018, James Williams returned to the couple's martial home located at 157 Harmony Lane, Toledo, OH 43615, in order to once again discuss reconciliation with Jacquelyn Williams.

11. Following a discussion, during which Jacquelyn Williams again advised her husband of her intentions to seek a divorce, James Williams physically attacked Jacquelyn Williams, and began to violently choke her.

12. Jacquelyn Williams feared for her life and believed that James Williams was going to kill her.

13. After struggling to get away from her husband, Jacquelyn Williams called 911 to report the attack.

14. Following the call to 911, police offers responded to the Williams' residence, took a report, and issued a warrant for the arrest of James Williams, IV.

15. Subsequent to his altercation with his wife, and before police arrived, James Williams fled the family residence in a red SUV, which displayed an Indiana license plate that was not registered to the SUV.

16. Subsequent to the Police arriving at her home, Jacquelyn Williams, who feared that her husband may return to hurt her or her children, left the family residence and checked into a hotel.

17. Subsequent to leaving the family residence, Mr. Williams entered the Ohio Turnpike, eastbound, and began traveling east.

18. At or near mile post 78.8, Mr. Williams crashed his vehicle against a guard rail, and then traveled across an adjacent ditch, and through a soy bean field for four-tenths (4/10) of a mile,

before re-entering the Ohio Turnpike, and crashing his vehicle against the center median, along the left shoulder of the roadway, facing east.

19. Following the above-referenced Crash, Mr. Williams exited his vehicle, with the engine running, and proceeded eastbound on foot, on the Ohio Turnpike. Mr. Williams left his wallet, two hundred seventy-one dollars ($271) in cash, his credit cards, his cell phone, and his personal belongings in his vehicle when he proceeded eastbound on foot.

20. Shortly after this series of events, Mr. Williams waited on the east side of an overpass near milepost 79.1, so as to be hidden from view, and suddenly, and without warning, intentionally stepped into the path of the tractor-trailer operated by Mr. Syphan just as Mr. Syphan's vehicle traveled by the overpass, where he was struck at or near milepost 79.1.

21. Upon striking Mr. Williams, Edward Syphan, who at the time believed he must have struck a deer, brought his vehicle to controlled stop at the nearest emergency pull-off, contacted his employer to report the incident, and awaited the arrival of a tow truck and replacement tractor. It was not until hours later, when Mr. Syphan was advised by members of the Ohio State Highway Patrol, that Mr. Syphan learned that he had struck a person.

22. Upon discovering Mr. Williams remains, members of the Ohio State Highway Patrol located Jacquelyn Williams in order to notify her of Mr. Williams' death.

23. Upon learning of James Williams' death, Jacquelyn Williams reported to the police that she was trying to get a divorce from James Williams, and that James Williams was doing everything he could to try and reconcile their relationship.

24. Upon information and belief, Jacquelyn Williams also advised police that James Williams had become very depressed over her wanting a divorce, and that James Williams even tried to starve himself until Jacquelyn Williams would reconcile.

25. Despite the foregoing series of events, Jacquelyn Williams, individually and in her capacity as Administratrix of the Estate of James Williams, IV, and as natural guardian of the couple's four (4) children, instituted the above-captioned case, asserting that her husband's death was caused by the negligence of Ed Syphan.

### COUNT I- ABUSE OF PROCESS

26. Defendants/Counterclaimants hereby incorporate by reference Paragraphs 1 through 25 of their Counterclaim, in their entirety, as if more fully set forth herein.

27. Jacquelyn Williams, individually and in her capacity as Administratrix of the Estate James Williams, IV, and as natural guardian of the couple's four (4) children, has asserted Complaint, sounding in negligence, and purporting to seek damages under the Ohio Survival Statute, O.R.C. §2305.21, and seeking damages under the Ohio Wrongful Death Statute, O.R.C. §2125.01, *et seq*.

28. Jacquelyn Williams has filed the subject lawsuit, in both her capacity as Administratrix of Mr. Williams' Estate, and in her individual capacity as a beneficiary of Mr. Williams' Estate, for the sole purpose of coercing Defendants to pay significant sums of money, despite Ms. Williams' knowledge of facts and information demonstrating that her husband's death was the sole and proximate result of his own efforts to end his own life.

29. As a direct and proximate result of Jacquelyn Williams' wrongful use of process in pursuing this lawsuit, with the deliberate and malicious intent to coerce Defendants to pay significant sums of money, Defendants have incurred, and continue to incur, direct damages, including, but not limited to costs, fees, and expenses associated with defending this lawsuit, as well as aggravation, annoyance and inconvenience associated with participating in this lawsuit.

WHEREFORE, Defendants/Counterclaimants, respectfully request judgment in their favor and against Plaintiff, Jacquelyn Williams, individually, and in her capacity as Administratrix of the Estate of James Williams, IV, for all damages permitted under applicable law, in an amount in excess of $25,000, including all attorneys' fees, costs, and expenses associated with this action, along with punitive damages, and any and all other relief that this Court deems just and appropriate.

**JURY TRIAL DEMANDED**

    Respectfully submitted,

    PION, NERONE, GIRMAN, WINSLOW
     & SMITH, P.C.

    /s/ Jordan C. Hettrich
    JOHN T. PION, ESQUIRE
    Attorney I.D. No. 0070722
    JORDAN C. HETTRICH, ESQUIRE
    Attorney I.D. No. 0091744
    420 Ft. Duquesne Boulevard
    1500 One Gateway Center
    Pittsburgh, PA 15222
    jpion@pionlaw.com
    jhettrich@pionlaw.com
    *Attorneys for Defendants,*
    *Edward Syphan and Pitt Ohio Express, LLC*

**CERTIFICATE OF SERVICE**

I, Jordan C. Hettrich, Esquire, hereby certify that a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM was served upon counsel of record via the Court's ECF system this 18TH day of June, 2020, as follows:

Kent D. Riesen, Esquire
Anspach, Meeks, Ellenberger, LLP
300 Madison Avenue, Suite 1600
Toledo, OH  43604
kriesen@anspachlaw.com

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW
 & SMITH, P.C.

  /s/ Jordan C. Hettrich, Esquire
JOHN T. PION, ESQUIRE
Attorney I.D. No. 0070722
JORDAN C. HETTRICH, ESQUIRE
Attorney I.D. No. 0091744
420 Ft. Duquesne Boulevard
1500 One Gateway Center
Pittsburgh, PA  15222
jpion@pionlaw.com
jhettrich@pionlaw.com
*Attorneys for Defendants,*
*Edward Syphan and Pitt Ohio Express, LLC*