IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JACQUELYNN WILLIAMS, et al.,**              CASE NO. 3:20 CV 591

    Plaintiffs,

    v.                                      JUDGE JAMES R. KNEPP II

**EDWARD SYPHAN, et al.,**

    Defendants.                              **ORDER**

Pending before the Court are Defendants' Motion for Summary Judgment (Doc. 46), Motion to Strike Plaintiffs' Expert Witness Disclosure (Doc. 50), Motion to Strike the Supplemental Report of Plaintiffs' Expert (Doc. 62), and Motion for Partial Summary Judgment as to Plaintiffs' Claim for Loss of Future Earnings (Doc. 63). Additionally, Plaintiffs moved to compel the deposition of Dr. Natalie Hartenbaum (Doc. 54), and for leave to name an expert witness (Doc. 56). All motions are decisional.

The Court held oral argument on October 5, 2021, to address the above pending motions. (non-document entry dated 10/5/2021). During that hearing, the Court, exercising its gatekeeping function over expert testimony, granted leave to Defendants to attack the admissibility of Plaintiffs' expert Hank Lipian under Federal Rule of Evidence 702. For that reason, the Court holds in abeyance its decision on most of the pending motions. However, to streamline the inquiry into Lipian's qualifications, the Court will address Defendants' Motion to Strike the Supplemental Report of Plaintiffs' Expert (Doc. 62).

<u>Lipian's Supplemental Report</u>

Lipian issued an initial expert report on January 29, 2021. *See* Doc. 36-1. He was deposed on March 10, 2021. *See* Doc. 62-3, at 1. After this, Lipian drafted a supplemental report dated April 9, 2021, after both the deadline for expert reports had passed and his deposition. (Doc. 53-1). Defendants argue this report should be stricken because the report is untimely, and Plaintiffs have not met their burden to show the late supplemental report should be permitted. *See generally* Doc. 62.

Plaintiffs, in response, raise two arguments. First, they argue Defendants failed to timely send them medical records, leading Lipian to issue an initial report without all the records he required. (Doc. 71, at 2-6). Second, they argue the Federal Civil Rules do indeed permit, and in fact require, this supplemental report. *Id.* at 6-11. But it is noteworthy Plaintiffs' response includes an emphasis on designating their own expert to interpret these medical records. *Id.* at 1.

Initially, the Court observes much of this discovery dispute could have been addressed as discovery deadlines came and went, rather than in briefing. Fact discovery concluded December 30, 2020. *See* Doc. 30, at 1. Plaintiffs' expert report was due January 29, 2021, Defendants' report was due February 26, 2021, and reports and depositions had to be completed by March 30, 2021. There is no dispute Hank Lipian's supplemental report, filed April 9, 2021, was not timely filed, but so too was Defendant late in providing medical records this Court ordered turned over in discovery. *See* Doc. 61, at 3 (acknowledging medical records were turned over on February 16, 2021). Had either, or both, parties sought extensions as discovery was ongoing, the time and resources invested in these motions could have been conserved. Thus, while it is true the report is untimely, Defendants do not bring this argument to the Court with entirely clean hands.

Nonetheless, the Court will strike Lipian's supplemental report. While both parties failed to comply with the Court's discovery scheduling order, the Court cannot excuse Plaintiffs' neglect in addressing these problems at the appropriate time. Additionally, although Lipian did have the opportunity to review additional medical records, his report fails to connect those records to some aspect of his expertise in accident reconstruction. Lipian, in his supplemental report, explains operator fatigue is an aspect of his analysis. (Doc. 53-1, at 2-5). He then summarizes fatigue-suggestive evidence found in Syphan's medical records. *Id.* at 6-7. But Lipian fails to connect these conditions to what, in his own words, is his actual expertise – analyzing the effect of Syphan's fatigue on the crash that killed Williams. There is no evidence in these late-obtained medical records concerning Syphan's prior 72 hours of sleep, or how long Syphan had been awake prior to the crash. *See id.* at 4. The closest Lipian comes in this report to connecting the two is in one conclusory paragraph in which he calls these records "critical". *Id.* at 11. In short, Lipian makes no attempt to analyze how these chronically fatiguing conditions may or may not have caused Syphan to feel acutely fatigued at the time of the crash, and this Court is doubtful Lipian possesses the expertise to do so.

Expert testimony must be the result of reliably applied principles and methods to the facts of the case. Fed. R. Evid. 702. Here, Lipian's supplemental report does not demonstrate how his expertise is applied to the facts presented in Syphan's medical records. Therefore, the Court orders Syphan's supplemental report (Doc. 53-1) stricken, limiting his testimony to those matters within the scope of his initial report (Doc. 36-1) and his deposition (Doc. 62-3).

IT IS SO ORDERED.

                                                   s/ *James R. Knepp II*
                                                 UNITED STATES DISTRICT JUDGE