## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**JACQUELYNN WILLIAMS, et al.**     CASE NO. 3:20 CV 591

  Plaintiffs,

  v.            JUDGE JAMES R. KNEPP II

**EDWARD SYPHAN, et al.**

  Defendants.       **ORDER**

Plaintiffs are the surviving spouse and children of James Williams IV, who died when he was struck as a pedestrian along the Ohio Turnpike. The Court recently decided the various pending motions related to Plaintiff claims against Defendants Edward Syphan, the truck driver, and Pitt Ohio, LLC, Syphan's employer. (Doc. 93). This leaves only Defendants' abuse of process counterclaim against Jacquelynn Williams pending in this case.

On June 18, 2020, Defendants filed an answer, with affirmative defenses, and asserted their counterclaim against Williams. (Doc. 15). Plaintiffs filed an amended complaint on July 2, 2020. (Doc. 17). Defendants filed an answer with counterclaims to that complaint on August 10, 2020, which incorporated by reference the counterclaim alleged in the June 18 answer. (Doc. 24, at 10).

While Plaintiffs' claims were subject to voluminous briefing, Defendants' counterclaim received no attention from the parties on the docket or in their briefing. Through oversight, the Court neglected to address this claim in its Memorandum Opinion and Order disposing of the rest of the case. *See* Doc. 93 This Order remedies that error.

Defendants' counterclaim asserts an abuse of process claim against Jacquelynn Williams. (Doc. 15, at 7-12). They allege Williams knew her lawsuit was meritless, and she filed it solely to

extort money from Defendants. *Id.* at 11. Under Ohio law, an abuse of process claim has three elements: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St. 3d 264, 270 (1996) (quoting *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St. 3d 294, 298 (1994)).

Defendants allege Williams brought this case "for the sole purpose of coercing Defendants to pay significant sums of money, despite Ms. Williams' knowledge of facts and information demonstrating that her husband's death was the sole and proximate result of his own efforts to end his own life." (Doc. 15, at 11). This allegation is fatal to their abuse of process claim for two reasons.

First, seeking a large payment of money is, in fact, the *entire purpose* of a tort action. *See Sullivan v. Tuschman*, 2007-Ohio-3569, ¶ 16 (Ohio App. Ct.) ("[I]t is well-settled that the objective in any tort action is to ascertain that amount of money which will compensate and make whole the injured party . . . [E]ven if such a purpose is motivated by ill-will or bad faith, or is entirely frivolous, it is not legally sufficient to support a claim of abuse of legal process."). This principle is consistently found elsewhere throughout Ohio case law. *See Sivinski v. Kelley*, 2011-Ohio-2145, ¶ 38 (Ohio Ct. App.) ("Further, while the Estate argues that Sivinski's pursuit of his claims, which it contends were meritless and made in bad faith, is enough to satisfy the second element of an abuse of process claim, this court has consistently rejected such an argument."); *Tilberry v. McIntyre*, 135 Ohio App. 3d 229, 241 (1999) ("It is well settled, contrary to the Tilberrys' argument, that a threat to pursue a civil action, even if the action would be entirely frivolous or brought in bad faith, does not constitute extortion."); *Yaklevich*, 68 Ohio St. 3d at 298 n.2 ("[T]here

is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.").

The *Robb* case draws an instructive conclusion that shows why Defendants have not stated an abuse of process claim. There, the Supreme Court of Ohio overruled a lower court's grant of summary judgment on an abuse of process claim because the Court found an issue of material fact regarding whether the lawsuit at issue was brought to coerce members of a yacht club to vote in their favor. 75 Ohio St. 3d at 271. "Clearly, the trial court had no authority to order club members how to vote", *id.*, so the abuse of process claim was appropriately pled. That is, using litigation to achieve ends which the court lacks the power to order is an essential element of an abuse of process claim. *Id.* ("Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order."). But the Court has the authority to award the "significant sums of money" Defendants identify as part of their claim. (Doc. 15, at 11). Using a tort lawsuit to seek significant sums of money is use, not abuse, of process. Thus, Defendants' abuse of process claim, as pled, must fail.

Additionally and alternatively, Defendants, by alleging the claim was brought from the beginning without merit, have failed to plead an abuse of process claim. Defendants allege Williams knew her claim was meritless, in that she knew the decedent's actions barred recovery from Defendants. But the first element of an abuse of process claim is that a legal proceeding has been brought in proper form and with probable cause. *Robb*, 75 Ohio St. 3d at 270. This differs from a malicious civil prosecution claim[1] in that the former requires probable cause for the lawsuit,

---

1. Defendants did not plead a malicious civil prosecution claim. But, recognizing their connectedness, the Court also notes Defendants could not bring a successful malicious civil prosecution claim in this case. Among other elements, malicious civil prosecution requires prejudgment seizure of property, which did not occur here. ("A cause of action for malicious civil prosecution will lie only in cases where there is a prejudgment seizure of property, i.e., where there

while the latter is a lawsuit brought to harass that has no chance of success. *Id.* at 271. A suit brought without probable cause does not support an abuse of process claim. *See, e.g.*, *Cantrell v. Deitz*, 2013-Ohio-1204, ¶ 23 (Ohio Ct. App.) ("We find the absence of probable cause is a basis upon which to grant summary judgment in favor of Deitz on appellant's claim for abuse of process."). Thus, Defendants' counterclaim fails to plead two of the three required elements for an abuse of process claim.

The next question is where the claim goes from here. The deadline for dispositive motion practice is long past, but taking a meritless claim to trial is a waste of judicial and party resources. Thus, *sua sponte* dismissal of the claim is appropriate. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion".) (collecting cases) (internal quotations and citations omitted).

Generally, the Court may not dismiss a claim without notice and an opportunity to amend the complaint. *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999) ("[A] plaintiff generally should be given notice and an opportunity to respond prior to the district court's *sua sponte* dismissal of the complaint."). But there is a key exception: "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans*, 415 U.S. at 536-37). A claim is frivolous

---

essentially has been a judgment against, and a concomitant injury suffered by, a defendant before he has had a chance to defend himself.") *Robb,* 75 Ohio St. 3d*.* at 270.

4

when it lacks an arguable basis in law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As discussed

above, Defendants' abuse of process claim has no arguable basis in Ohio law, nor does a generous

reading of the claim reveal a misnamed but plausible malicious civil prosecution claim. Thus, the

Court lacks jurisdiction to hear the claim and dismisses it, without prejudice.[2]

     IT IS SO ORDERED.

                        s/ *James R. Knepp II*
                        UNITED STATES DISTRICT JUDGE

---

2. Dismissals for a lack of subject matter jurisdiction are ordinarily without prejudice. *Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292, 298 (6th Cir. 2001).